| | | |
|---|---|---|
| JAMES PAUL LEDONNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16 CV 662 |
| v. | ) | |
| | ) | |
| DONALD J. SCHMID, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

James Paul LeDonne, a *pro se* prisoner, filed a complaint against former Assistant

United States Attorney Donald J. Schmid, former Indiana State Police officer Roy M.

Stuckey, and Indiana State Police officer Joseph L. White, relating to his arrest in May

2014. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such

relief. The court applies the same standard as when deciding a motion to dismiss under

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th

Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is

plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir.

2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. at 603. The court must bear in mind that "[a] document filed

*pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his complaint, LeDonne states that his home and place of employment were searched on May 9, 2014, and he was arrested on May 19, 2014. He complains that the searches were in violation of the Fourth Amendment because they were based on a faulty probable cause affidavit. LeDonne also claims that he was falsely arrested as there was no probable cause, also in violation of the Fourth Amendment. However, these claims have a statute of limitations problem. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The illegal search and seizure claims and false arrest claim are time barred because "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Because LeDonne signed and filed his complaint more than two years after these claims arose, they are barred by the applicable two-year statute of limitations.

Next, LeDonne alleges that his false arrest caused him to be falsely imprisoned. Under the Fourth Amendment, this claim is known as unreasonable post-arrest

detention. *Tibbs v. City of Chicago*, 469 F.3d 661, 665 (7th Cir. 2006). Notably, though, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Here, LeDonne is currently facing a number of federal charges stemming from the complained of search and arrest. *See United States v. LeDonne*, Case No. 3:14-CR-55 (N.D. Ind. filed May 14, 2014). Thus, his unreasonable post-arrest detention claim is barred by *Heck* because it rests on a presumption that the charges against him are invalid. LeDonne cannot pursue a claim for damages here unless and until the criminal charges are terminated in his favor. *Id.* at 486-87; *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.").

Next, LeDonne claims that all of the defendants defamed him in the media. However, claims for slander or defamation are not actionable as federal constitutional torts. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Defamation is not a deprivation of liberty within the meaning of the due process clause. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th

Cir. 1987). Therefore, these allegations fail to state a plausible federal claim for which relief could be granted.

Next, LeDonne brings a property loss claim against the defendants. He alleges that unspecified property was damaged or destroyed during the May 2014 searches of his home and business. This claim, too, falls outside the two year statute of limitations. However, even if LeDonne had a timely claim, he would have to pursue state remedies. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the property loss claim will be dismissed without prejudice.

With all the federal claims dismissed, the court turns its attention to LeDonne's various state law claims. LeDonne alleges that the court has subject matter jurisdiction over these claims based on diversity of citizenship. (DE # 1 at 4.). "In order to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000)." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001).  The complaint sets forth that the plaintiff and the defendants are residents of Indiana. Thus, there is not complete diversity between the parties. As a result, this court does not have diversity jurisdiction over LeDonne's state law claims. Thus, the court may, but is not required to hear LeDonne's state law claims. Because the federal claims must be dismissed, the court declines to exercise supplemental jurisdiction over LeDonne's remaining state law claims.  28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). Accordingly, LeDonne's state law claims will be dismissed without prejudice and he is free to pursue those in state court.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is

the case here. At this time, no amendment could overcome the statute of limitations problem or the bar of *Heck v. Humphrey*.

For these reasons, the court:

(1) **DISMISSES** the Fourth Amendment search and seizure claim and false arrest claim as time-barred; and

(2) **DISMISSES WITHOUT PREJUDICE** the remaining state and federal claims.

**SO ORDERED**.

Date: November 15, 2016

s/ James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT